**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DENISE AND JOHN CASON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-2144** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION I/2** |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed on behalf of defendant, State Farm Fire and Casualty Company ("State Farm"), in its capacity as a Write-Your-Own ("WYO") carrier participating in the U.S. National Flood Insurance Program ("NFIP").[1] Plaintiffs, Denise and John Cason, Jr., oppose the motion. For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

Plaintiffs' home sustained flood damage when Hurricane Katrina made landfall on August 29, 2005. At that time, the Casons' home was insured against flood damage by a Standard Flood Insurance Policy[2] ("SFIP") issued by State Farm, in its capacity as a WYO insurer. The SFIP provided coverage up to $102,300 for flood damage to the Casons' dwelling and $16,000 for contents coverage, both subject to a deductible of $500.[3]

In the aftermath of the storm, the Casons filed a flood claim with State Farm under the SFIP.[4] State Farm began the process of adjusting the Casons' claim. On October 25, 2005, State Farm issued a payment of $7,000 to the Casons for their contents coverage.[5] Subsequently, on

---

[1] R. Doc. No. 21.
[2] The Casons' SFIP policy number is 98-09-5934-4, and the policy's effective period was August 30, 2004 – August 30, 2005. R. Doc. No. 21-3, p. 5.
[3] Id.
[4] Id., p. 2-3.
[5] Id., p. 3.

October 30, 2005, State Farm paid the Casons an additional $9,000 for contents coverage and

$55,273.81 for dwelling coverage.[6]

Almost two years later, on August 29, 2007, the Casons filed the above-captioned lawsuit

against State Farm seeking additional payments on their flood claim.  Prior to filing this lawsuit,

the Casons never submitted a signed and sworn proof of loss nor any other documentation in

support of their claim to State Farm.[7]  On November 3, 2009, State Farm filed this motion

arguing that the Casons' claim is foreclosed because they have not complied with the proof of

loss requirements of the SFIP.

*LAW AND ANALYSIS*

**I.     STANDARD OF LAW**

A.     Summary Judgment Standard

Summary judgment is proper when, after reviewing "the pleadings, the discovery and

disclosure materials on file, and any affidavits," the court determines there is no genuine issue of

material fact.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the

initial responsibility of informing the court of the basis for its motion and identifying those

portions of the record that it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The party seeking summary judgment need

not produce evidence negating the existence of material fact, but need only point out the absence

of evidence supporting the other party's case.  Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co.,

780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the

other party must come forward with specific facts showing that there is a genuine issue of

---

[6] Id.
[7] Id.; R. Doc. No. 22-2.

material fact for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587

(1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt

as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a

'scintilla' of evidence." <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations

omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a

reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby,

Inc.</u>, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may

not rest upon the pleadings, but must identify specific facts that establish a genuine issue. <u>Id.</u>

The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to

be drawn in [the nonmoving party's] favor." <u>Id.</u> at 255; <u>see</u> <u>Hunt v. Cromartie</u>, 526 U.S. 541, 552

(1999).

B.      The National Flood Insurance Act

The NFIP was established by the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§

4001-4129 (2006), and it is administered through the Federal Emergency Management Agency

("FEMA"). <u>Wright v. Allstate Ins. Co.</u> (Wright I), 415 F.3d 384, 386 (5th Cir. 2005). FEMA

sets the terms and conditions of all federal flood insurance policies, and these policies must be

issued in the form of a SFIP. <u>See</u> <u>Gowland v. Aetna</u>, 143 F.3d 951, 953 (5th Cir. 1998).

Although a SFIP can be issued by a WYO insurance provider directly to consumers,

"[p]ayments on SFIP claims come ultimately from the federal treasury." <u>Wright I</u>, 415 F.3d at

386. Because the federal treasury is implicated in the payment of flood claims, the provisions of

an SFIP must be strictly construed and enforced. <u>Id.</u> at 387. "Under the Appropriations Clause

of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in

other words, the payment of money from the Treasury must be authorized by a statute.'" Id. (quoting Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 424 (1990)). Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." Id. at 388.

C.      Compliance with SFIP Requirements

An insured must strictly comply with the requirements of the SFIP in order to recover. See Gowland, 143 F.3d at 954 ("[T]he provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced...."); Durkin v. State Farm Mut. Ins. Co., 3 F.Supp.2d 724, 728 (E.D.La.1997) (Vance, J.) (granting a motion for summary judgment because the plaintiff had not submitted an inventory to the insurer that met SFIP requirements). The insured may not file a lawsuit against his WYO insurer "unless [he has] complied with **all** the requirements of the [SFIP]." 44 C.F.R. pt. 61, app. A(1) art. VII. R., (emphasis added). SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator." 44 C.F.R. § 61.13(d); Gowland, 143 F.3d at 953.

II.      **DISCUSSION**

Where, as here, an insured intends to recover under an SFIP after a dispute over lack of payment or partial payment, a plaintiff must strictly comply with all of the requirements of the SFIP, including the proof of loss and supporting documentation requirements. See Marseilles Homeowners Condominium Assoc., Inc. v. Fidelity Nat'l Ins. Co., 542 F.3d 1053, 1056 (5th Cir. 2008) (citing Richardson v. American Bankers Ins. Co., 279 F.App'x 295 (5th Cir. 2008)); Eichaker v. Fidelity Nat'l Prop & Casualty Ins. Co., 2008 WL 2308959, at *3-4 (E.D.La. June 3, 2008).

The affidavit of James Talley, a Claims Team Manager for State Farm, makes clear that, prior to filing this lawsuit, the Casons did not submit a proof of loss or provide any supporting documentation for their claim.[8] The Casons allege that their property was damaged during Hurricane Katrina in August, 2005. Under the SFIP, the Casons were required to file a sworn proof of loss within one year of the date of loss. See Richardson, 143 F.3d at 954. An NFIP participant is not permitted to file a lawsuit without satisfying the proof of loss requirement. Id. The Casons should have filed their sworn proof of loss no later than August, 2006. Because they did not do so, they are barred from asserting a SFIP claim.[9]

While the Casons concede that a proof of loss was not filed, they argue that an issue of material fact remains because State Farm might still seek a waiver from FEMA of the proof of loss requirement.[10] This argument ignores the clearly established rule that courts must strictly construe the requirements of the SFIP. A sworn proof of loss is "a condition precedent" to bringing litigation. Marseilles, 542 F.3d at 1055. Additionally, the insurer does not have the power to waive the mandatory proof of loss requirement. Gowland, 143 F.3d at 954. SFIP requirements can only be waived with "the express written consent of the Federal Insurance Administrator." Id.

Lastly, the Casons contend that their equal protection and due process rights were violated because State Farm has given waivers in some cases but refuses to do so for them.

---

[8] R. Doc. No. 21-3. Further, plaintiffs concede they did not file a proof of loss or provide documentation prior to filing this lawsuit. R. Doc. No. 22-2.

[9] Because of this Court's ruling with respect to the proof of loss requirement, it does not need to reach defendant's argument that plaintiffs did not submit sufficient documentation.

[10] Additionally, the Casons argue that the Court should delay its ruling pending further discovery. Under Rule 56(f), the Court may defer its ruling on a motion for summary judgment to allow for additional discovery. Such a delay is not appropriate in this case. "A non-movant seeking relief under Rule 56(f) must show: (1) why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact." Adams v. Travelers Indem. Co. of Connecticut, 465 F.3d 156, 162 (5th Cir. 2006). Because State Farm does not have the power to grant a waiver of the proof of loss requirement, further discovery will not create an issue of material fact.

Putting aside the fact that State Farm does not have the power to issue a waiver, this argument was rejected in <u>Wientjes v. American Bankers Ins. Co. of Florida</u>, 2009 WL 2391407 at *2-3 (5th Cir. 2009) (per curiam).

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED** and plaintiffs' claims against State Farm in its capacity as a WYO carrier are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, November 18, 2009.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**